UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
DANIEL FACCIO et al.,

                        Plaintiffs,            1:10-cv-785
                                               (GLS/RFT)

            v.

ROBERT J. LANDRY et al.,

                        Defendants.
_____
APPEARANCES:                    OF COUNSEL:

FOR THE PLAINTIFFS:
Daniel Faccio
C.F.
A.F.
D.F.
Pro Se Plaintiffs
P.O. Box 1724
Kingston, NY 12402

FOR THE DEFENDANTS:
Pennock Law Firm, PLLC          JOHN H. PENNOCK, ESQ.
258 Ushers Road, Suite 204
Clifton Park, NY 12065

Gary L. Sharpe
Chief Judge

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

        Plaintiffs *pro se* Daniel Faccio, C.F., A.F., and D.F. commenced this

action alleging, among other things, statutory and constitutional violations

against defendants Robert J. Landry, City of Glens Falls Housing Authority (GFHA), and Mary St. Denis[1] related to GFHA's administration of the Section 8 Housing Choice Voucher Program (HCVP).  (*See* Compl., Dkt. No. 1.)  Pending is defendants' motion for summary judgment seeking dismissal of the Complaint.  (*See* Dkt. No. 32.)  For the reasons that follow, the motion is granted.

## II. Background

### A. Facts[2]

In 2008, GFHA, a local entity that administers the HCVP, issued a Section 8 housing voucher to Faccio, which he used to subsidize the rental of an apartment in the City of Hudson Falls.  (*See* Defs.' Statement of Material Facts (SMF) ¶ 13, Dkt. No. 32, Attach. 2; Dkt. No. 32, Attach. 6 at 42, 44, 46-47.)  Approximately one year later, the roof of that dwelling collapsed due to a leak.  (*See* Dkt. No. 32, Attach. 6 at 48-50.)  In light of these facts, Faccio filed a housing discrimination complaint with the

---

[1] The Clerk is instructed to amend the docket to reflect the proper spelling of Mary St. Denis' surname.

[2] Pursuant to N.D.N.Y. L.R. 7.1(a)(3), the court deems admitted defendants' statement of material facts, which are properly supported and unopposed.

2

Department of Housing and Urban Development (HUD) alleging that GFHA and Landry, executive director of GFHA, "refused to make the necessary repairs to his apartment . . . [and] renew his voucher."  (Dkt. No. 32, Attach. 11 at 3; *see* Defs.' SMF ¶ 10.)  The complaint was referred to the New York State Division of Human Rights, which found no unlawful discriminatory practice and dismissed it.  (*See* Dkt. No. 32, Attach. 12.)

Thereafter, Faccio, his wife C.F., and children A.F. and D.F. moved into an apartment located at 32 Cooper Street in the City of Glens Falls; part of the rent was subsidized by the HCVP.  (*See* Defs.' SMF ¶ 27; Dkt. No. 32, Attach. 6 at 59-61.)  Black mold was eventually discovered in that apartment, which forced plaintiffs to move to another HCVP subsidized apartment located at 9 Traver Street in the City of Glens Falls.  (*See* Defs.' SMF ¶¶ 26, 28-29.)  Plaintiffs were again rousted from their apartment—this time "the landlord terminated the lease to correct a shared electric meter problem," and plaintiffs were ultimately evicted.  (*Id.* ¶ 30.) Related to the foregoing, Faccio also claims that GFHA, Landry, and St. Denis, an employee of GFHA, made complaints to the police that led to him being falsely arrested.  (*See* Dkt. No. 32, Attach. 7 at 50; Defs.' SMF ¶¶ 34-35.)

3

**B.    Procedural History**

Plaintiffs filed their largely incomprehensible Complaint in July 2010,

alleging a host of claims against defendants.  (*See* Compl. at 3.)  Following

joinder of issue, (*see* Dkt. No. 15), and discovery, which included

depositions of Faccio and C.F., (*see* Dkt. No. 32, Attachs. 6-8), defendants

moved for summary judgment, (*see* Dkt. No. 32).  Despite being provided

with notice that explained the consequences of failing to respond to the

pending motion by both defendants and the court, (*see* Dkt. No. 32, Attach.

13; Dkt Nos. 34-35), and being granted an extension of time to do so, (*see*

Dkt. No. 36), plaintiffs have filed no response to the motion.

### III.  Standard of Review

The standard of review pursuant to Fed. R. Civ. P. 56 is well

established and will not be repeated here.  For a full discussion of the

standard, the court refers the parties to its decision in *Wagner v. Swarts*,

827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011).[3]

_____

[3] To the extent that defendants' motion for summary judgment is
based entirely on plaintiffs' Complaint, "such a motion is functionally the
same as a motion to dismiss for failure to state a claim under [Fed. R. Civ.
P.] 12(b)(6).  As a result, '[w]here appropriate, a trial judge may dismiss for
failure to state a cause of action upon motion for summary judgment.'"
*Baum v. Northern Dutchess Hosp.*, 764 F. Supp. 2d 410, 416 (N.D.N.Y.
2011) (quoting *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d

## IV.  **Discussion**

Defendants argue that they are entitled to summary judgment and, accordingly, plaintiffs' Complaint should be dismissed.  (*See generally* Dkt. No. 32, Attach. 1 at 3-9.)  Specifically, defendants contend that: (1) any state law claims must be dismissed for failure to file a notice of claim pursuant to N.Y. Pub. Hous. Law § 157(1) (McKinney 1989); (2) plaintiffs have failed to allege or prove that GFHA promulgated an unconstitutional custom or policy; (3) plaintiffs failed to plead facts demonstrating that they were treated differently than other similarly situated individuals; (3) defendants had no personal involvement in any arrest of Faccio; and (4) Landry and St. Denis are entitled to qualified immunity.  (*See id.*)  The court generally agrees with defendants.

First, liberally construing the Complaint, as the court must, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), plaintiffs allege facts suggestive of a host of federal and state causes of action.  (*See* Compl. at 3.)  In particular, plaintiffs explain that they bring their claims "under the Federal Constitution, federal law, the New York State Constitution, New York State Law, and the common law."  (*Id.*)  The

_____

 270, 273 (2d Cir. 1968)).

5

court surmises the following federal causes of action under 42 U.S.C.

§ 1983: (1) a *Monell* claim; (2) an equal protection violation; and (3) a claim

of retaliation.[4]  (*See id.*)  The Complaint also appears to assert a claim of

race-based discrimination pursuant to 42 U.S.C. § 1981, violations of the

New York Constitution, New York Human Rights Law, and New York Civil

Rights Law, and state common law claims of intentional infliction of

emotional distress and defamation of character.[5]  (*See id.*)

## A.   **Federal Claims**

   *1.    Section 1983*

42 U.S.C. § 1983 "creates a remedy for violations of federal rights

committed by persons acting under color of state law."  *Haywood v. Drown*,

556 U.S. 729, 731 (2009).  As set forth above, plaintiffs' complaints warrant

further investigation of three potential claims under section 1983.  For the

_____

[4] Plaintiffs' claim of "retaliation" is construed and treated as attacking Faccio's arrest as explained in the Complaint.  (*See* Compl. at 3.)  It is clear that plaintiffs have not sufficiently pleaded a First Amendment retaliation claim and, thus, the court will not analyze their Complaint as though they have.  *See Wrobel v. Cnty of Erie*, No. 10-5179-CV, 2012 WL 3104529, at *3 (2d Cir. Aug. 1, 2012) (reviewing the requirements of a First Amendment retaliation claim).

[5] To the extent that any other potential claims could be gleaned from the Complaint, none would meet the pleading requirements of Fed. R. Civ. P. 8(a).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

6

reasons that follow, however, none are viable.

First, plaintiffs allege "negligent supervision of [GFHA] staff and offices," which hints at a potential *Monell* claim.  (Compl. at 3.)  A municipality may be liable for the constitutional violations of its employees provided that any such violations occurred pursuant to an official policy or custom.  *See Mayo v. Cnty. of Albany*, No. 07-cv-823, 2009 WL 935804, at *2 (N.D.N.Y. Apr. 3, 2009); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 692 (1978).  A successful claim of municipal liability under section 1983, therefore, requires the plaintiff "'to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'"  *Zherka v. City of N.Y.*, No. 10-5059-cv, 2012 WL 147914, at *1 (2d Cir. 2012) (quoting *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007)).

By making "no factual allegations that would support a plausible inference that [municipal] 'policies' or 'customs' caused [any] violation[] of [their] rights," plaintiffs have failed to state a *Monell* claim.  *Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009).  The Complaint makes no reference to a policy or custom on the part of any defendant, *see id.*; *Berry v. Vill. of Millbrook*, 815 F. Supp. 2d 711, 722-23 (S.D.N.Y. 2011), and

7

plaintiffs have offered nothing to demonstrate an issue of fact necessitating

denial of the motion.  Thus, dismissal is appropriate.

Next, plaintiffs claim discrimination based on race.  Specifically, the

Complaint suggests that defendants failed to correct the host of unfortunate

problems that plaintiffs experienced in their several apartments because of

plaintiffs' race.  (*See id.* at 1-2.)  The factual allegations in the Complaint,

however, do not support a violation of the Equal Protection Clause.  As

applicable here, to establish an Equal Protection Clause violation, "a

plaintiff must demonstrate that he was treated differently than others

similarly situated as a result of intentional or purposeful discrimination" and

"that the disparity in treatment cannot survive the appropriate level of

scrutiny."  *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005).  Thus, the

plaintiff must plead that other similarly situated individuals—who are

outside of the protected class to which the plaintiff belongs—have been

treated differently so that discriminatory motive may be inferred.  *See*

*Brisbane v. Milano*, 443 F. App'x 593, 594-595 (2d Cir. 2011).

Here, plaintiffs pleaded no facts to support even an inference that

other similarly situated individuals were treated differently by any

defendant.  Instead, the Complaint, in conclusory fashion, merely asserts

8

that defendants are "racist" and "prejudice [sic] against [plaintiffs]." (Comp. at 1, 3.)  Dismissal is therefore required.

Lastly, plaintiffs nominally claim "retaliation," which implicitly resulted in Faccio's arrest and incarceration after plaintiffs filed their housing discrimination complaint with HUD.  (*See id.* at 3.)  This claim fails for lack of personal involvement.  "'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983.'"  *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).  Mere assertions and conclusions of law do not suffice to demonstrate that a defendant was personally involved.  *Dorsey v. Fisher*, No. 9:09–CV–1011, 2010 WL 2008966, at *6 (N.D.N.Y. May 19, 2010).

Here, it is not clear that defendants violated any constitutional right in the first instance, however, there is no allegation whatsoever that any defendant herein played a role in falsely arresting and incarcerating Faccio. While Faccio explained during his deposition that defendants "started a chain reaction that forced him to move from the Glens Falls area," and he is of the belief that his arrest emanated from GFHA filing "false charges

9

against [him]," no defendant in this case participated in his arrest.  (Defs.'

SMF ¶¶ 34, 37; *see* Dkt. No. 32, Attach. 7 at 52.)  Because it is readily

apparent that defendants were not personally involved in the alleged

constitutional violation, plaintiffs' "retaliation" claim, which like all of their

other claims seeks relief in the form of damages, is also dismissed.[6]  (*See*

Compl. at 3.)

     *2.   Section 1981*

     To the extent that the Complaint can be construed as alleging facts

suggestive of purposeful discrimination based on race pursuant to 42

U.S.C. § 1981, for the same reasons that a section 1983 claim alleging a

violation of the Equal Protection Clause fails, it is also untenable.  Indeed,

"[s]ection 1981 also prohibits only intentional racial discrimination, and thus

has the same pleading standards as the Equal Protection Clause."

*Brisbane*, 443 F. App'x at 594.  In light of the foregoing conclusion that the

Complaint—even when read with the utmost liberality—is insufficient to

establish a colorable Equal Protection Clause violation, it is clear that

plaintiffs have not alleged a viable section 1981 claim.

--------------------------------------

    [6] It is also noted that "that any injury caused by the arrest was
suffered only by Faccio."  (Dkt. No. 33 at 9, 1:10-cv-698.)

**B.**    **State Law Claims**

Inasmuch as the court can muster from the Complaint any causes of action under state law, it declines to exercise supplemental jurisdiction over them.  "Although a federal court has discretion to retain jurisdiction over state law claims after the dismissal of the federal claims that created original jurisdiction, 'where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.'"  *Clark v. Dominique*, 798 F. Supp. 2d 390, 408 (N.D.N.Y. 2011) (quoting *Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006)).

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 32) is **GRANTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED**; and it is further;

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by certified mail.

**IT IS SO ORDERED.**

August 22, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court